HILLSDALE COMMUNITY SCHOOLS v.
LABOR MEDIATION BOARD

1. LABOR RELATIONS — PUBLIC EMPLOYEES — SUPERVISORY PERSONNEL — BARGAINING UNIT.

Public employees who, although they are supervisory personnel, do not formulate, determine, and effectuate management policies, constitute a proper collective bargaining unit and are entitled to choose their own bargaining representatives (MCLA § 423.201 *et seq.*).

2. LABOR RELATIONS—ADMINISTRATIVE LAW—FINDING OF FACT—EVIDENCE.

The Court of Appeals is bound by a labor mediation board determination that certain public employees are all supervisory personnel who do not formulate, determine, or effectuate management policies, where that determination is supported by competent, material, and substantial evidence.

3. LABOR RELATIONS — STATUTES — CONSTRUCTION OF STATUTES — BARGAINING UNIT — SUPERVISORY PERSONNEL.

Language in the labor mediation act that a bargaining unit can consist of all of the employees in one plant or business enterprise within the state not holding executive or supervisory positions is a modification of this type of unit alone and does not modify the remaining three units defined, nor is it in itself a prohibition against executive or supervisory employees constituting a bargaining unit (MCLA § 423.1 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  48 Am Jur 2d, Labor and Labor Relations §§ 1175, 1189.
[3–6]  48 Am Jur 2d, Labor and Labor Relations §§ 246, 247.

4. LABOR RELATIONS—PUBLIC EMPLOYEES—STATUTES—SUPERVISORY PERSONNEL.

The words "public employee," as used in the public employees' labor relations act, are to identify public employees as distinguished from private employees, and do not define public employee so as to exclude supervisory personnel (MCLA § 423.201 *et seq.*).

5. LABOR RELATIONS—PUBLIC EMPLOYEES—SUPERVISORY PERSONNEL—ORGANIZATION—PUBLIC POLICY.

Public policy does not prohibit public employees who are supervisors from organizing into a labor union and where their organization is pursuant to statute, passed by constitutional authorization, the remedy of one not in agreement with current public policy lies with the legislature and not with the courts.

6. LABOR RELATIONS—PUBLIC EMPLOYEES—SUPERVISORY PERSONNEL—BARGAINING UNIT—COMMUNITY OF INTEREST.

Interests and goals of school principals and other supervisory personnel of plaintiff school district were sufficiently related to warrant their inclusion in a single bargaining unit.

Appeal from Michigan Labor Mediation Board. Submitted Division 2 April 14, 1970, at Lansing. (Docket No. 6,697.) Decided May 26, 1970. Leave to appeal denied November 24, 1970. 384 Mich 779.

The Michigan Labor Mediation Board determined that the Hillsdale Community Schools Principals' and Supervisory Association was a proper bargaining unit. Hillsdale Community Schools District appeals. Michigan Education Association intervened specially. Affirmed.

*Dimmers, Dimmers & Loren* and *Keller, Thoma, McManus & Keller,* for Hillsdale Community Schools.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Ed-*

*wards,* Assistant Attorney General, for Michigan Labor Mediation Board.

*Fraser, Trebilcock, Davis & Foster,* for Hillsdale Community Schools Principals' and Supervisory Association.

*Foster, Campbell, Lindemer & McGurrin (Theodore Swift,* of counsel), for Michigan Education Association.

*Amici Curiae: Robert Reese,* Corporation Counsel, and *Nick Sacorafas, Peter D. Jason,* Assistants Corporation Counsel, for City of Detroit.

*Killeen, Trembley, Bueche, Failer & Shulman,* for City of Flushing.

*Keller, Thoma, McManus & Keller,* for Michigan Association of School Boards.

*Livingston, Gregory, VanLopik & Higgle,* for Michigan Association of Elementary School Principals.

Before: R. B. BURNS, P. J., and DANHOF and VAN DOMELEN,* JJ.

VAN DOMELEN, J. The Hillsdale Community Schools Principals' and Supervisory Association (PSA) petitioned the Michigan Labor Mediation Board (MLMB) for an election of a unit of employees of the Hillsdale Community Schools. The unit contained the following personnel:

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

"High school, junior high, and elementary school principals, curriculum coordinator, reading coordinator, ESEA coordinator, head librarian, and physical education director; *excluding:* teachers, superintendent, assistant superintendent, business manager and all non-certified employees."

The school district opposed the petition and the Labor Mediation Board (LMB) ruled that PSA was a proper unit. The district appealed this decision before the representation election was held. The PSA lost the election, but we granted leave to appeal as this is an important case with continuing application.

The plaintiff is a public employer within the meaning of PA 1947, No 336 as amended by PA 1965, No 379 (PERA), MCLA § 423.201 *et seq.* (Stat Ann 1968 Rev § 17.455[1] *et seq.*) The personnel composing the PSA membership are public employees within the provisions of § 2 PERA, MCLA § 423-.202 (Stat Ann 1968 Rev § 17.455[2]). The LMB found that they are all supervisory personnel, but are not "employees who formulate, determine, and effectuate management policies." We are bound by this determination as it is supported by competent, material, and substantial evidence. *Villella* v. *Employment Security Commission* (1969), 16 Mich App 187; *Williams* v. *Lakeland Convalescent Center* (1966), 4 Mich App 477. PSA is a labor organization within the meaning of §§ 9 and 12 PERA, MCLA §§ 423.209, 212 (Stat Ann 1968 Rev §§ 17.455[2], [9]).

The main issue raised in this appeal is whether under the provisions of PERA, supervisory personnel who are public employees constitute a proper collective bargaining unit and are entitled to be represented by representatives of their own choosing.

The preamble to the PERA shows one of its purposes is "to declare and protect the rights and privileges of public employees". This policy has been effectuated by permitting public employees to engage in collective bargaining. MCLA § 423.209 (Stat Ann 1968 Rev § 17.455[9]) provides:

"It shall be lawful for public employees to organize together or to form, join or assist in labor organizations, to engage in lawful concerted activities for the purpose of collective negotiation or bargaining or other mutual aid and protection, or to negotiate or bargain collectively with their public employers through representatives of their own free choice."

The legislature designated the MLMB as the agency to determine the appropriate bargaining units, MCLA § 423.213 (Stat Ann 1968 Rev § 17.455 [13]). The determination of the bargaining unit is based upon criteria set forth in PA 1939, No 176, § 9e as last amended by PA 1965, No 282, MCLA § 423.9e (Stat Ann 1968 Rev § 17.454[10.4]). This section is a part of the Michigan Labor Mediation Act (MLMA), MCLA § 423.1 *et seq.* (Stat Ann 1968 Rev § 14.454[1] *et seq.*) and states:

"Sec. 9e. The board, after consultation with the parties, shall determine such a bargaining unit as will best secure to the employees their right of collective bargaining. The unit shall be either the employees of 1 employer in 1 plant or business enterprise within this state, not holding executive or supervisory positions, or a craft unit, or a plant unit, or a subdivision of any of the foregoing units: Provided, however, that if the group of employees involved in the dispute has been recognized by the employer or identified by certification, contract or past practice, as a unit for collective bargaining, the board may adopt such unit."

Plaintiff and defendants disagree as to the correct interpretation of § 9e. An examination of that section's structure shows that there are four choices of bargaining units; (1) a unit consisting of all of the employees employed in one plant or business enterprise within the state, (2) a craft unit, (3) a plant unit, and (4) a subdivision of any of the foregoing units.

The language in § 9e "* * * not holding executive or supervisory positions, * * *" is a modification of only the first type of unit listed. It does not modify the remaining units defined, nor is it in itself a prohibition against executive or supervisory employees constituting a bargaining unit. In its decision in *Saginaw County Road Commission*, MLMB Case No R 66 E–204, 1967 Labor Opinions, pp 196, 201, the LMB held supervisory personnel to be covered by the terms of PERA:

"The words 'public employee' are to identify the employees *other than private* and does not define public employee so as to exclude supervisory personnel."

We have reached a similar conclusion in *School District of the City of Dearborn* v. *Labor Mediation Board* (1970), 22 Mich App 222. In *City of Dearborn, supra,* we held that engineers and assistant engineers employed by the school district, even though supervisory personnel, were nonetheless entitled by PERA to organize for collective bargaining purposes.

Plaintiff further argues that it is against public policy to allow public employees who are supervisors, such as those involved in the instant action, to organize. As we stated in *City of Escanaba* v. *Labor Mediation Board* (1969), 19 Mich App 273, the legislature by the enactment of PERA has determined

what the public policy of this state will be in regard to allowing public employees to organize. PERA was passed pursuant to Const 1963, art 4, § 48, which directly authorizes the legislature to "enact laws providing for the resolution of disputes concerning public employees". If appellant is in disagreement with the current public policy of this state, its remedy lies with the legislature and not with the courts.

We have considered appellant's claim that the interests and goals of the principals and the rest of the membership of PSA are too unrelated to warrant their inclusion in a single unit. We find, as we did in *City of Dearborn, supra,* that sufficient community of interest does in fact exist. *Uyeda* v. *Brooks* (CA6, 1966), 365 F2d 326.

Appellant urges as a fourth ground for reversal that the affiliation of the PSA with the MEA precludes it from being recognized as a collective bargaining agent. Such a determination not being necessary to the decision in this case, we decline to make it.

The decision and order of the Labor Mediation Board is affirmed.

No costs are allowed, a public question being involved.

All concurred.