GENERAL ELECTRIC COMPANY,
Plaintiff-Appellee,

v.

The VALERON CORPORATION,
Defendant-Appellant.

No. 77-1323.

United States Court of Appeals,
Sixth Circuit.

Argued June 13, 1979.
Decided Oct. 30, 1979.

Jerold I. Schneider, Cullen Settle, Sloman & Cantor, Detroit, Mich., Donald A. Panek, Oak Park, Mich., for defendant-appellant.

Chester L. Davis, Jr., Barnes, Kisselle, Raisch & Choate, Alfonse J. D'Amico, William H. Francis, Detroit, Mich., Granville M. Pine, Morgan, Finnegan, Pine, Foley & Lee, George P. Hoare, Jr., William S. Feiler, New York City, for plaintiff-appellee.

Before EDWARDS, Chief Circuit Judge, PHILLIPS, Senior Circuit Judge, and BROWN, District Judge.*

BAILEY BROWN, Chief District Judge.

General Electric Company brought this action against Valeron Corporation, alleging that Valeron infringed General Electric's Patent No. 3,341,920. Valeron denied infringement and sought a declaration of invalidity because of specified prior art and prior invention. In the latter respect, Valeron relied, *inter alia*, on the prior invention disclosed by its Patent No. 3,310,959, the Diemond patent. These patents have to do with a method of fastening a cutting tip in a cutting tool.

Shortly after the case commenced, Bernard J. Cantor entered his appearance as trial counsel for Valeron. General Electric then moved for an order disqualifying Cantor as such counsel for Valeron. The basis of the motion, stated generally, was that in 1965–1967 Cantor, as a patent attorney retained by General Electric, prepared several draft patent applications for General Electric and that the relationship between that work and the subject matter of the instant litigation was such as to require Cantor's disqualification. District Judge John Feikens then held a lengthy evidentiary hearing on this issue at which much testimony and many exhibits were received, following which a carefully prepared and full opinion was filed setting out the court's findings and conclusions to the effect that Cantor and his law firm must be disqualified. Valeron then appealed the order of disqualification.

■ Although the parties have not raised the question of the jurisdiction of this court under 28 U.S.C. § 1291 to entertain this appeal, we note that our ruling in *Melamed v. ITT Continental Baking Co.*, 592 F.2d 290 (6th Cir. 1979), is in no way inconsistent with our accepting jurisdiction in this case. There we did point out that motions to disqualify counsel and immediate appeals of rulings thereon can cause great delay in the processing of the litigation. Nonetheless,

* Honorable Bailey Brown, Chief Judge, United States District Court for the Western District of Tennessee, sitting by designation on the date of argument; elevated on September 27, 1979 to the Sixth Circuit Court of Appeals.

*Melamed* holds that an appeal will be dismissed as interlocutory only where there is an order denying a motion to disqualify after an evidentiary hearing and a finding that the moving party cannot be injured by the challenged representation.

As stated, Cantor was retained as a patent lawyer by General Electric during 1965–1967 to prepare drafts of several patent applications. General Electric contends that Cantor's work in preparing such applications is substantially related to the subject matter of the instant litigation, and that, this being so, disqualification is required. The subject matter to which General Electric refers is the defense upon which Valeron relies, i. e. denial of infringement and an assertion of invalidity based on prior art and prior invention.

That proof of such a substantial relation is generally sufficient to require disqualification is supported by the very recent holding of this court in *Melamed, supra,* in which this court said at 292:

It has been repeatedly held that an attorney may not represent a client in litigation against a former client if the subject matter of the litigation is "substantially related" to work he or she did for the former client. *See e. g. Emle Industries, Inc. v. Patentex, Inc.,* 478 F.2d 562, 565 (2nd Cir. 1968); *Wilson P. Abraham Construction Corp. v. Armco Steel Corp.,* 559 F.2d 250, 252 (5th Cir. 1977); *T. C. & Theatre Corp. v. Warner Bros. Pictures,* 113 F.Supp. 265, 268 (S.D.N.Y. 1953).

The trial court held that there is such a substantial relation here based on its finding that Cantor was working with patent house counsel and engineers of the Carboloy Department of General Electric, during which he had access to the files on General Electric's patents, patent applications, patent collections and prior art collections on fitting and pocketing inserts in tools. The trial court also found that Cantor received confidential disclosures while doing this work. Such findings are certainly not clearly erroneous. This being so, the conclusion that Cantor should be disqualified must be affirmed.

Valeron argues that the showing of a "substantial relation" between Cantor's prior work for General Electric and the instant litigation is not sufficient; it contends that it is necessary that General Electric show a substantial relation between Cantor's work for it and the actual *issues* of the present lawsuit and that such has not been shown. While we do not mean to indicate that Valeron would be entitled to prevail even if we accepted this view of the law, we note that this narrower formulation is not supported by case law generally and is contrary to the formulation as set out by this court in *Melamed,* 592 F.2d (6th Cir. 1979) at 292 and cases cited therein. As is stated in *Wilson P. Abraham Construction Co. v. Armco Steel Co.,* 559 F.2d 250 (5th Cir. 1977), cited and relied upon in *Melamed,* at 252:

[A] former client seeking to disqualify an attorney who appears on behalf of his adversary, need only to show that the matters embraced within the pending suit are *substantially related* to the matters or cause of action wherein the attorney previously represented him.

We also note that the narrower formulation might well be difficult to apply in practice since the actual issues in lawsuits are frequently not determined until long after the litigation has begun.

As indicated, the trial court found as a fact that Cantor had received confidential information from General Electric in connection with his work of preparing draft patent applications. This being so, we need not resolve here the apparent conflict between the opinion of the trial court to the effect that once the "substantial relationship" test is met, the receipt of confidential information is conclusively presumed, and the opinion of the court in *City of Cleveland v. Cleveland Electric Illuminating Co.,* 440 F.Supp. 193 (N.D. Ohio 1977), *aff'd by order,* 573 F.2d 1310 (6th Cir. 1977), in which it is stated that the presumption of receipt of such information may be rebutted and if rebutted, disqualification is not necessary. We further note that such statement in the

*City of Cleveland* case is really dictum since the court held that the City, the complaining party, had effectively waived its claim that the attorneys not represent the adversary party and further held that a "substantial relation" had not been proved. *Compare: Novo Teraapeutisk Laboratorium A/S v. Baxter Travenol Laboratories, Inc., et al.,* 607 F.2d 186, 48 U.S.L.W. 2189 (7th Cir., *en banc,* decided August 16, 1979), wherein the court held that, in the unusual circumstances of that case, the presumption of the receipt of confidences could be and was rebutted.

This court has considered the other contentions of Valeron and has determined them to be without merit.

The order of disqualification entered by the District Court is therefore

AFFIRMED.