THE FOXBORO COMPANY
vs.
SPECTRUM ASSOCIATES, INC.
and
SPECTRUM PRESSURESTAT CO.

Civ. A. No. 80-2101-MA

United States District Court
D. Massachusetts

February 17, 1981

William W. Rymer for the plaintiff.
Herbert L. Gatewood, Armand Cifelli for the defendant.

## MEMORANDUM AND ORDER

MAZZONE, D.J. In this action, plaintiff seeks a judgment declaring that it does not infringe any of defendants' federally registered trademarks, service marks, or trade names. Since the case was filed in September, 1980, the only significant action, apart from defendants' motion to dismiss the action or transfer it and plaintiff's motion to enjoin a parallel proceeding in the District of Connecticut,[1] has been this motion by defendants to disqualify plaintiff's counsel, the law firm of Fish & Richardson, for an alleged conflict of interest. The basis of the alleged conflict is that an associate employed in a satellite office of Fish & Richardson was previously employed by the predecessor of defendants' law firm, Cifelli & Frederick, several years ago. Defendants fear that, because of the prior relationship, this attorney may be in a position to disclose confidential information detrimental to defendants, thereby creating an appearance of impropriety justifying disqualification.

Plaintiff, in response, asserts that the alleged conflict is spurious; that the associate was never privy to any potentially damaging confidential information, that the associate in question, John Skenyon, has and will continue to be screened from the litigation; and that the purpose of the instant motion is simply to block jurisdictional discovery and provide support for defendants' contention that the Connecticut action should be allowed to go forward first.

After review of the voluminous memoranda and other materials submitted by counsel in connection with this motion to disqualify, we are convinced that the facts simply do not warrant extended and detailed treatment. As both parties concede, the standard to be applied in determining whether disqualification is appropriate is whether the challenged attorney, in representing a former client, performed work that is "substantially related" to the subject matter of the present litigation. See, **General Electric Co. v. Valeron Corp.**, 608 F.2d 265, 267 (6th Cir. 1979); **Westinghouse Electric Corporation v. Gulf Oil Corporation**, 588 F.2d 221, 223-25 (7th Cir. 1978).

Our review of the memoranda, affidavits, and other submissions persuades us that Skenyon did not perform work for the defendants that was substantially related to the subject matter of the instant suit. On the contrary, it appears his work on behalf of the defendants involved a single patent application, wholly unrelated to any of the trademark issues involved in the instant case. (Skenyon Affidavit, ¶¶ 9-12). Nor are we convinced that his former relationship with Armand Cifelli, counsel for the defendants, without more, is sufficient to create a sufficient appearance of impropriety to justify disqualification at the present time.

Accordingly, defendants' motion is denied.

SO ORDERED.

A. Mazzone
United States District Judge

[1] The Connecticut action is entitled **Spectrum Associates, Inc. and Spectrum Pressurestat Co. v. The Foxboro Company**, Civil Action No. B 80-455, filed October 16, 1980, approximately one month after the filing of the instant complaint.