## GRAVES v CITY OF LANSING

Docket No. 75646. Submitted March 12, 1985, at Lansing.—Decided
February 19, 1986. Leave to appeal applied for.

Plaintiff, Gerald W. Graves, former mayor and treasurer of the
City of Lansing, filed an action against defendants City of
Lansing, Terry J. McKane, Mayor, and Stephen W. Duarte,
City Controller, jointly and severally, seeking financial reim-
bursement for unused sick and vacation leave days which he
accumulated during his tenure as mayor and treasurer. Defen-
dants moved for summary judgment on the ground that plain-
tiff had failed to state a claim upon which relief could be
granted. The Ingham Circuit Court, Robert Holmes Bell, J.,
granted defendants' motion after ruling that plaintiff was not a
regular full-time employee as defined by the personnel rules of
defendant City of Lansing, and, therefore, was not entitled to
the reimbursement which he sought. Plaintiff appealed. *Held:*

Plaintiff, during his tenure as mayor or as treasurer, was not
a regular full-time employee regardless of how many hours he
worked per year. Michigan law differentiates between public
officers and public employees. Additionally, a careful reading of
the personnel rules as a whole indicate that elected and ap-
pointed city officials who are responsible for the formulation
and implementation of city policy are not, except as specifically
provided, covered by or subject to the personnel rules. Plaintiff
was not entitled to the reimbursement which he sought under
the personnel rules of defendant City of Lansing.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE
A CLAIM.

A motion for summary judgment based on failure to state a claim
upon which relief can be granted tests the legal sufficiency of
the pleadings; summary judgment should not be granted unless
the claim is so clearly unenforceable as a matter of law that no

REFERENCES

Am Jur 2d, Pleading §§ 71 et seq., 226, 230 et seq.
Am Jur 2d, Public Officers and Employees § 28.
Reviewability of order denying motion for summary judgment. 15
ALR3d 899.

factual development could possibly justify a right to recovery (GCR 1963, 117.2[1], now MCR 2.116[C][8]).

2. Public Officers — Judicial Construction — Legislative Intent.
   A judicial determination of whether a particular individual is a public officer or public employee should be made with an eye towards the legislative intent in framing the particular statute by which the position was created.

*Scodeller, Wilson, DeLuca & Vogel* (by *R. David Wilson*), for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *John L. Collins* and *Thomas A. Baird*), for defendant.

Before: Shepherd, P.J., and V. J. Brennan and C. Jobes,* JJ.

Per Curiam. Plaintiff, Gerald W. Graves, former Mayor of the City of Lansing, appeals as of right from a circuit court order granting summary judgment in favor of defendants City of Lansing, Mayor Terry J. McKane, and City Controller Stephen W. Duarte. We are called upon to decide whether the lower court reversibly erred in granting summary judgment to defendants on the basis that a public official, such as plaintiff, is not a regular employee entitled to financial reimbursement for unused sick and vacation leave days which accumulated during his tenure. We hold that the lower court did not reversibly err.

Plaintiff was appointed treasurer of the City of Lansing on October 9, 1961. He served as treasurer until he was elected mayor in 1969. Plaintiff assumed the mayoral post on April 14, 1969, and served until he retired on January 1, 1982. Following his retirement, plaintiff requested reimbursement from the city for unused sick and vacation

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

leave which he had accumulated over the years.[1]
The request was denied pursuant to a directive
issued by Mayor Terry McKane to the City Con-
troller, Stephen Duarte.

Plaintiff sued the City of Lansing, Mayor Mc-
Kane, and Stephen Duarte in February, 1982. In
the complaint, plaintiff asserted that the Person-
nel Rules for the City of Lansing provided that he
should be compensated $14,062 for his unused
vacation leave and $13,351 for his unused sick
leave.[2] Defendants moved for summary judgment
premised upon GCR 1963, 117.2(1), now MCR
2.116(C)(8), arguing *inter alia* that plaintiff could
not show that he was a "regular full-time em-
ployee" during his tenure as treasurer or as mayor
and that this precluded his reimbursement under
the Personnel Rules. In a written opinion, the
lower court granted summary judgment, finding
that plaintiff did not meet the definition of a
"regular full-time employee" set forth in the Per-
sonnel Rules. Plaintiff's subsequent motion for
reconsideration was denied.

Plaintiff argues on appeal that the lower court
reversibly erred in granting defendants' motion for
summary judgment. Plaintiff asserts that sum-
mary judgment premised upon GCR 1963, 117.2(1)
was improper because the question was not purely
one of law, and, even if it was, the provisions in
the Personnel Rules and the City Charter indicate

---

[1] Plaintiff alleged that he was entitled to 89 days of unused vacation
time and 169 days of unused sick leave accumulated during the 20¼
years he was employed by the city.

[2] The complaint contained numerous other allegations. Plaintiff
requested that an order of superintending control be issued by the
lower court directing Controller Stephen Duarte to "forthwith autho-
rize and make payment to plaintiff". Moreover, plaintiff averred that
the city through the City Council and Mayor McKane, had "acted in a
manner so as to wrongfully deprive" plaintiff of the sums of money.
Plaintiff therefore requested that he be awarded attorney fees in
bringing the action.

that plaintiff was a "regular full-time employee". We think that summary judgment in favor of defendants was proper under GCR 1963, 117.2(1).

A motion for summary judgment based upon GCR 1963, 117.2(1) tests the legal sufficiency of a complaint. *Crowther v Ross Chemical & Mfg Co,* 42 Mich App 426; 202 NW2d 577 (1972); *Fuhrmann v Hattaway,* 109 Mich App 429, 433; 311 NW2d 379 (1981), *lv den* 414 Mich 858 (1982). Summary judgment should not be granted unless a claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. *Fuhrmann, supra.* Here, the parties did not dispute the facts. Plaintiff's argument centered on the plain meaning of the language in the statute, the Personnel Rules, and the City Charter. The lower court did not err in granting summary judgment in favor of defendants because plaintiff was not a "regular full-time employee" under the City of Lansing Personnel Rules.

Under the Personnel Rules all "regular full-time employees" of the city may receive financial reimbursement for unused sick leave benefits as of the date of their retirement. Personnel Rules, Art IX(G). The rules also provide that a "regular full-time employee" who works for a year or more is entitled to vacation leave, and, upon retirement, "employees" are entitled to financial reimbursement for unused accrued vacation leave. Personnel Rules, Art X(B).[3] The "Application" section of the Personnel Rules defines "regular full-time employees" as "those holding single positions, which require a minimum of 2,000 work hours per calendar year".

We do not think that plaintiff, during his tenure

---

[3] "Employees" is not defined in the Personnel Rules.

as mayor or as treasurer, was a "regular full-time employee" regardless of how many hours he worked per year. Michigan law differentiates between public officers and public employees. Additionally, a careful reading of the Personnel Rules as a whole indicates that elected and appointed city officials who are responsible for the formulation and implementation of city policy are not, except as specifically provided, covered by or subject to the Personnel Rules.[4]

In Michigan, a public officer and a public employee are differentiated on the bases that:

" 'An office is a special trust or charge created by competent authority. If not merely honorary, certain duties will be connected with it, the performance of which will be the consideration for its being conferred upon a particular individual, who for the time will be the officer. The officer is distinguished from the employee in the greater importance, dignity and indepen-

---

[4] On January 18, 1982, the City of Lansing adopted the following resolution:

"Resolved by the City Council of the City of Lansing

"WHEREAS, full-time elected officials of the City of Lansing are paid established salaries during their terms of office, regardless of the number of hours worked, days absent, or amount of vacation utilized; and

"WHEREAS, such salaries are not susceptible to reduction during the full-time official's terms of office; and

"WHEREAS, because of the above, no provisions for separate vacation and sick time fringe benefits are necessary or justified;

"NOW, THEREFORE, BE IT RESOLVED that no elected official of the City of Lansing shall be awarded or permitted to accumulate vacation time or sick leave during his or her term of elected office; and

"BE IT FURTHER RESOLVED that the City Administration is hereby requested to deny any claim for payment for unused sick time and vacation time alleged to have been earned during his or her term of office by any elected official or past elected official of the City of Lansing; and

"BE IT FINALLY RESOLVED nothing in this policy shall prevent the reimbursement for unused sick leave and vacation time earned during non-elected City employment, as provided for in the City Personnel Rules, to persons who may become or may have been elected officials."

dence of his position; in being required to take an official oath, and perhaps to give an official bond; in the liability to be called to account as a public offender for misfeasance or nonfeasance in office, and usually, though not necessarily, in the tenure of his position.' *Throop v Langdon.* 40 Mich 673, 682-683 (1879)." *Solomon v Highland Park Civil Service Comm,* 64 Mich App 433, 438; 236 NW2d 94 (1975), *lv den* 396 Mich 812 (1976); see also *People v Freedland,* 308 Mich 449, 457-458; 14 NW2d 62 (1944); *Attorney General ex rel Moreland v Common Council of Detroit,* 112 Mich 145, 152-153; 70 NW 450 (1897); *Krajewski v Royal Oak,* 126 Mich App 695, 698; 337 NW2d 635 (1983); see generally, 56 Am Jur 2d, Municipal Corporations, § 233, pp 292-293; 3 McQuillan, Municipal Corporations, § 12.30, pp 153-159.[5]

The determination of whether a particular individual is a public officer or public employee should be made with an eye towards the legislative intent in framing the particular statue by which the position is created. *Freedland, supra,* p 457.

We have no doubt that Lansing's mayor and city treasurer are public officials and not public employees. Under § 3 of the home rule cities act, each city charter must provide for the election of a mayor "who shall be the chief executive officer of the city". MCL 117.3(a); MSA 5.2073(a). The mayor's salary may not be altered except upon a two-thirds vote of the local officer's compensation commission. See MCL 117.5(c); MSA 5.2084(3). More-

---

[5] This Court has also ruled that public supervisory personnel who formulate and effectuate policies are not entitled to representation under the public employment relations act, since they are representatives of the public employer for purposes of labor disputes. *Hillsdale Community Schools v Michigan Labor Mediation Board,* 24 Mich App 36, 39; 179 NW2d 661 (1970), *lv den* 384 Mich 779 (1970). For the same reason, the grievance procedures, set forth in Art XIV of the Personnel Rules, do not apply to high level officials. Moreover, the "merit raise" provisions of Art VII cannot apply to the mayor or treasurer, since under the home rule cities act, the City Council may not alter the salaries of such officials except upon a ⅔ vote of the local officer's compensation commission. MCL 117.5c; MSA 5.2084(3).

over, the mayor has the discretion to appoint a staff, plan a work schedule, initiate new work methodologies and discard outdated ones. As chief executive officer, the mayor can carry out administrative tasks as he or she sees fit and need answer to no one for tardiness or failure to appear at the office. The city treasurer also exercises independent judgment and discretion in fulfilling the requirements of his position. The city treasurer or the mayor could be called by the public to account for misfeasance or nonfeasance in office.

We recognize that § 4-101 of the Lansing City Charter requires that the mayor "devote full time to the service of the city". It was undisputed that the plaintiff worked over 2,000 hours per year, and devoted full time to the service of the city. This does not, however, lead to the conclusion that plaintiff was a "regular full-time employee", given the distinctions between public officials and public employees discussed herein.

Plaintiff claims that the Personnel Rules apply to his position both as mayor and as treasurer. We do not believe that the rules apply to public officials who work for the city. The "Application" section of the rules provides that the Personnel Rules apply to "all employees" unless "otherwise specified". Articles XV and XVII make special note of elected officials. This, in our view, takes elected and other high level officials out of the class of regular "employees", since application of the rules has been "otherwise specified". Because elected and other high level oficials are mentioned specifically and apart from regular employees, the lower court correctly found that the Personnel Rules do not apply to plaintiff as mayor or as treasurer, since he was not a regular employee.

We conclude that the City of Lansing Personnel Rules do not authorize reimbursement to plaintiff

for the unused sick and vacation days which he accumulated during his tenure as mayor or as city treasurer. The Personnel Rules apply only to "regular full-time employees", and plaintiff was a public official during his entire tenure with the City of Lansing.

Affirmed.