**Terry J. McKANE, Plaintiff,**

v.

**CITY OF LANSING, et al., Defendants.**

**CITY OF LANSING, et al., Counter–Plaintiffs,**

v.

**Terry J. McKANE, Counter–Defendant.**

**No. 5:94–CV–48.**

United States District Court,
W.D. Michigan,
Southern Division.

Aug. 15, 1994.

Thomas A. Baird, White, Beekman, Przybylowicz, Schneider & Baird, P.C., Okemos, MI, for McKane.

James D. Smiertka, Lansing City Attorney's Office, Dept. of Law, Lansing, MI, for defendants and counter-claimants.

## *OPINION*

QUIST, District Judge.

This is an action by Mr. Terry McKane, the former Mayor of the City of Lansing, against the City of Lansing, its Retirement Board and seven members who presently sit on that Board (collectively, the City). Mr. McKane alleges that his early retirement benefits under the City's early retirement plan (the Plan) were wrongfully terminated. The City maintains that Mr. McKane is not entitled to the early retirement benefits because he held the elected position of Mayor, because the Plan does not extend to elected officials, and because the Plan was enacted in a manner inconsistent with the City Charter.

Attorney Thomas Baird represents Mr. McKane. Mr. Baird has previously defended the City of Lansing and its then Mayor McKane in an action filed by another former mayor, Gerald Graves. The defendants filed a motion to disqualify plaintiff's attorney.

They claim that Mr. Baird is precluded from representing Mr. McKane pursuant to MRPC 1.9(a) and that Mr. Baird's law firm must recuse itself pursuant to MRPC 1.10(a). The parties fully briefed this issue and presented oral argument.

Plaintiff, Mr. McKane, has filed a motion to disqualify the office of the City Attorney of Lansing which represents all of the defendants. He claims that the City Attorney must be disqualified from representing defendants with conflicting interests or the City Attorney's office must discuss the potential conflict with the defendants and obtain their consent to continued representation.

### Motion to Disqualify Plaintiff's Counsel

Michigan Rule of Professional Conduct 1.9(a) states:

A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

The Michigan Rules of Professional Conduct provide the applicable standard of professional conduct for members of the bar of this Court pursuant to Western District Local Rule 17.[1]

The Comments to Rule 1.9 state:

The scope of a 'matter' for purposes of this rule may depend on the facts of a particular situation or transaction. The lawyer's involvement in a matter can also be a question of degree. When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests clearly is prohibited. On the other hand, a lawyer who recurrently handled a type of problem for a former client is not precluded from later representing another client in a wholly distinct problem of that type even though the subsequent representation involves a position adverse to the prior client.... The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question.

In *Barkley v. City of Detroit,* 204 Mich. App. 194, 514 N.W.2d 242 (1994), the court stated:

It is also clear that an attorney may only undertake to represent a new client against a former client where all business ties with the former client have been severed, where the subject matter of the current representation is not substantially related to a matter in which the attorney represented the former client, and, further, where there is no confidential information received from the former client that is in any way relevant to representation of the current client.

204 Mich.App. at 203–04, 514 N.W.2d at 246 (citing *General Electric Co. v. Valeron Corp.,* 608 F.2d 265, 267 (6th Cir.1979).

In *General Elec. Co. v. Valeron Corp.,* Mr. Cantor entered his appearance as trial counsel for Valeron. General Electric moved for an order disqualifying Mr. Cantor because he had been retained as a patent lawyer by General Electric between 1965 and 1967 to prepare drafts of several patent applications. 608 F.2d at 266. General Electric contended that Cantor's work in preparing these applications was substantially related to the subject matter of the present litigation involving denial of infringement and invalidity based on prior art and invention. *Id.* The trial court held a lengthy evidentiary hearing and determined that Mr. Cantor and his law firm had to be disqualified because the subject matter of the litigation was substantially related to work Mr. Cantor had done for his former client. *Id.* On appeal Valeron argued that it was necessary for General Electric to show a substantial relation between Cantor's work for it and the actual issues of

---

**1.** Local Rule 17 states:

The standards of professional conduct of members of the bar of this court shall include the applicable Michigan Rules of Professional Conduct, except those rules a majority of the judges of this court exclude by administrative order. For a willful violation of any of these standards, an attorney may be subjected to appropriate disciplinary action.

the present lawsuit. The Sixth Circuit rejected that argument and stated that this narrower formulation was not supported by case law. *Id.* at 267.

> [A] former client seeking to disqualify an attorney who appears on behalf of his adversary, need only to show that the matters embraced within the pending suit are *substantially related* to the matters or cause of action wherein the attorney previously represented him.

*Id.* (emphasis in original) (citation omitted).

Mr. Baird's representation of Mr. McKane is adverse to the interests of his former client, the City of Lansing. Furthermore, the City of Lansing has not consented to Mr. Baird's representation. Thus, the issue is whether the subject matter of the current representation is the same or substantially related to Mr. Baird's prior representation of the City of Lansing. The City argues that Mr. Baird's representation of Mr. McKane and the City in *Graves v. Lansing,* 149 Mich. App. 359, 385 N.W.2d 785 (1986) is substantially related to the matters involved in this case.

After Mr. Graves retired as mayor, he requested certain fringe benefits. His request was denied pursuant to a directive issued by then Mayor McKane. Mr. Graves filed a suit against the City, Mr. McKane, and the City Controller alleging that the City wrongfully deprived him of benefits. The court, in reaching its decision, examined the City Personnel Rules and the City Charter, and it discussed the distinction between public officials and public employees.

The City contends that the instant action, in which Mr. McKane is seeking certain retirement benefits which were denied by present Mayor David Hollister, is similar to the *Graves* matter because the trier of fact will be asked to apply the Personnel Rules and the City Charter and will have to address the distinction between public officials and other employees in order to resolve the conflict. Therefore, according to the City, *Graves* and the present action involve substantially related matters and Mr. Baird cannot continue in his representation of Mr. McKane.

Mr. McKane argues in response that this matter is not the same or substantially related to Mr. Baird's prior representation of the City of Lansing. He explains that in the *Graves* case, Mr. Graves alleged he was entitled to compensation for unused sick and vacation days accumulated during his tenure as Mayor and previously as a member of the City Council. Payment for unused sick and vacation days was a benefit available to all regular, full-time employees of the City. Thus, the case turned upon whether Mr. Graves was a public employee or a public official. The instant case, Mr. McKane submits, is quite different. Here the issue is whether Mr. McKane is entitled to early retirement benefits under an early retirement incentive plan adopted by the City in 1992. The Plan had not even been enacted at the time of the prior representation. Mr. McKane insists that he is not disputing his employment status. At issue, instead, is the intent of the City Council regarding inclusion of elected officials in the retirement plan.

At oral argument, Mr. Blaine represented to the Court that his representation of the City in *Graves* did not afford him knowledge of any confidential information. Counsel for the defendants responded that they were not claiming that Mr. Blaine possessed any confidential information from the prior representation that he could bring to bear on the instant case.

In light of the differences between the *Graves* litigation and the instant case and the fact that there is no issue of confidential information received in the previous litigation relevant to the instant litigation, defendants' motion for disqualification of plaintiff's counsel will be denied.

### *Motion to Disqualify Defense Counsel*

Plaintiff has filed a motion requesting that the office of the City Attorney be disqualified from representing defendants with conflicting interests. In the alternative, plaintiff requested that the City Attorney's office show that it has disclosed its potential conflict of interest and has obtained the consent of all defendants. At oral argument, counsel for the defendants provided plaintiff with a

**50**

letter of consent. Plaintiff was satisfied and this motion will be denied as moot.

## CONCLUSION

For the reasons set forth above, defendant's motion for disqualification of counsel for plaintiff (docket no. 13) is DENIED. Plaintiff's motion for disqualification of the Office of the City Attorney as counsel for defendants (docket no. 16) is DENIED AS MOOT. An Order consistent with this Opinion shall be entered.