JAMES v CITY OF BURTON

Docket No. 180040. Submitted September 16, 1996, at Lansing. Decided January 14, 1997, at 9:05 A.M.

Arnold James brought an action in the Genesee Circuit Court against the City of Burton and Charles Smiley, the mayor of Burton, alleging that he had been appointed as an administrative assistant/personnel director by Smiley's predecessor in office, that the position had been terminable for just cause only, and that he was wrongfully discharged as a consequence of working in the losing electoral campaign of Smiley's predecessor. The court, Earl E. Borradaile, J., granted summary disposition for the defendants, ruling that the plaintiff's employment was terminable at will. The plaintiff appealed.

The Court of Appeals *held*:

1. The job description for the plaintiff's position supports the trial court's conclusion that the plaintiff had been a political appointee whose employment could be terminated without cause.

2. Contrary to the plaintiff's claim, the city's policy manual does not indicate that the plaintiff's employment could be terminated for just cause only.

3. No violation of the rights to free speech under the federal and state constitutions occurred by virtue of the termination of the plaintiff's employment, given the close working relationship with the mayor as contemplated in the job description for the plaintiff's position.

4. Because the plaintiff had held his position at the will of his supervisors and he had not been promised termination for just cause only, he did not have a property interest in his job such that he was entitled to notice of the cause of termination or to a hearing. The lack of such notice and hearing did not give rise to a violation of due process under Const 1963, art 1, § 17.

5. The plaintiff's claim that representations promising termination for just cause only had been made is not supported by any evidence.

6. The plaintiff's claim that the policy manual contained fraudulent misrepresentations is not supported by evidence indicating that the defendants adopted the policy manual knowing it was

false, that it was adopted recklessly without knowledge of its truth or falsity, or that the defendants' policies were made with the intent that plaintiff would act upon them.

Affirmed.

*Gregory T. Gibbs*, for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Kelly A. Freeman*), for the defendants.

Before: MacKENZIE, P.J., and JANSEN and T. R. THOMAS*, JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting defendants' motion for summary disposition under MCR 2.116(C)(10) in this wrongful discharge action. We affirm.

On March 5, 1984, plaintiff was appointed administrative assistant/personnel director by then-mayor Jane Nimcheski. In the fall of 1991, defendant Charles Smiley defeated Nimcheski in the mayoral election. Plaintiff had openly campaigned for Nimcheski. Following Nimcheski's defeat, plaintiff requested that Nimcheski sign a "Change of Status" form, which "released" plaintiff and effectively terminated his employment "due to a change in administration." Plaintiff claims this was done to preserve his unemployment benefits in view of his pending termination by Smiley. On November 15, 1991, plaintiff received a letter informing him that he would not be renewed under the new administration and that his employment would expire on Monday, November 18, 1991, at 5:00 P.M.

On appeal, as in the trial court, plaintiff contends that his employment was terminable for just cause

---

* Circuit judge, sitting on the Court of Appeals by assignment.

only and, therefore, he could not be fired for political activity. Like the trial court, we disagree.

Plaintiff contends that the trial court erroneously concluded that he was an at-will "charter employee." We agree that the city charter does not list plaintiff's position along with the other appointed officials contained in the city charter. This error does not require reversal, however. There is nothing in the record establishing that all positions not listed in the charter were necessarily positions from which an employee could be discharged only for cause. The trial court alternatively found that plaintiff was a political appointee who served at the pleasure of the mayor, and this conclusion is supported by the record.

The job description for personnel director provides that the director "plans, supervises, directs and carries out policies relating to all phases of Personnel activity for the City." The description also states that the director administers "mayoral directives ensuring proper personnel procedures are followed." The position also entails directing department heads with regard to departmental organization and job classification. The personnel director is also expected to assist in labor negotiations. The job description further states that he "works under the direction of the mayor." In light of this description, the trial court properly determined that plaintiff's position was that of an upper-echelon appointed official. The position carried a degree of prestige and entailed assisting Mayor Nimcheski in the implementation of her plans. *Graves v Lansing*, 149 Mich App 359; 385 NW2d 785 (1986); *Rice v Ohio Dep't of Transportation*, 14 F3d 1133, 1142, n 9 (CA 6, 1994). Plaintiff was not a mere employee; in his capacity as director of personnel he

was expected to execute mayoral directives, administer personnel rules and regulations, and "establish and maintain effective working relationships with city officials, subordinates, union representatives, employees and [the] general public." The trial court correctly found that plaintiff was a political appointee, and that defendants were free to terminate plaintiff without cause. *Rice, supra* at 1142, n 9; also see *Faughender v City of North Olmstead, Ohio*, 927 F2d 909, 914 (CA 6, 1991).

Plaintiff next contends that he became a just-cause employee by virtue of the city's policy manual. We disagree. As a political appointee, plaintiff's job security was subject to the whims of each administration. The policy manual did not somehow transform his position from one served at the pleasure of the mayor to a just-cause position. Plaintiff contends that the disciplinary scheme contained within the policy manual represents proof of termination for just cause only. Yet, a review of defendant city's termination policy fails to indicate that an employee would not be terminated except for one of the reasons listed in the disciplinary section. See *Biggs v Hilton Hotel Corp*, 194 Mich App 239, 241; 486 NW2d 61 (1992). No other representations are embodied in this manual that would suggest termination would be for just cause only. As a result, plaintiff was properly terminated as an at-will employee.

Next, plaintiff asserts that his First Amendment rights were violated as a result of his termination. US Const, Am I; Const 1963, art 1, § 5. Again, we disagree. Given the close working relationship with the mayor contemplated in plaintiff's job description, no

First Amendment violation occurred by virtue of plaintiff's termination. *Rice, supra* at 1142.

Plaintiff additionally argues that he was deprived of due process under Article 1, § 17 of the Michigan Constitution. He contends that he had a property interest in his job and was thereby entitled to notice of the charges constituting cause for his dismissal and to a hearing. A public employee, however, does not have a property interest in continued employment when the position is held at the will of the employee's superiors and the employee has not been promised termination for just cause only. *Manning v Hazel Park*, 202 Mich App 685, 694; 509 NW2d 874 (1993). As a result, defendants were under no obligation to comply with procedural due process in terminating plaintiff's employment. *Id.* Plaintiff's due process rights were not violated as a result of his termination.

Finally, plaintiff contends that representations were made that he would be discharged for cause only and would not be fired for engaging in political activity. Plaintiff states that defendants "expressly" made these statements to him and that "these representations were embodied in City policy." Plaintiff, however, fails to cite which statements he means and who made them. As a result, this Court will not rationalize the basis for this claim. See *Sergent v Browning-Ferris Industries*, 167 Mich App 29, 32-33; 421 NW2d 563 (1988).

Plaintiff does, however, suggest that the policy manual contained false representations. In order to state a claim for fraud or misrepresentation, plaintiff must prove: (1) that defendant made a material representation; (2) that the representation was false; (3) when defendant made the representation, defendant

knew it was false, or made it recklessly without knowledge of its truth or falsity; (4) that defendant made it with the intent that plaintiff would act upon it; (5) that plaintiff acted in reliance upon it; and (6) that plaintiff suffered injury. *Baker v Arbor Drugs, Inc,* 215 Mich App 198, 208; 544 NW2d 727 (1996). Assuming the policy manual was adopted by the city council, plaintiff has failed to satisfy the third, fourth, and fifth elements of this tort. Plaintiff has not presented any evidence that defendants adopted the policy manual knowing it was false or that it was adopted recklessly without knowledge of its truth or falsity. See *Baker, supra* at 208. Moreover, plaintiff has not shown that defendants' policies were made with the intent that plaintiff would act upon them. *Id.* Nor does the record support a claim of innocent misrepresentation. To find innocent misrepresentation, a plaintiff's injury must actually benefit the defendant. *Temborius v Slatkin,* 157 Mich App 587, 597; 403 NW2d 821 (1986). Plaintiff has failed to include evidence to support this theory. Summary disposition was therefore properly granted to defendants.

Affirmed.