SCHOOL DISTRICT OF THE CITY OF DEARBORN
*v.* LABOR MEDIATION BOARD

1. LABOR RELATIONS—PUBLIC EMPLOYEES—LABOR ORGANIZATIONS—STATUTE.

Public employees have a statutory right to organize together into, or to join or to assist a labor organization, to engage in collective bargaining or other mutual aid and protection and to negotiate or to bargain collectively with their public employers through representatives of their own choosing (MCLA § 423-.209).

---

REFERENCE FOR POINTS IN HEADNOTES
[1–7] 48 Am Jur 2d, Labor and Labor Relations §§ 1191–1194.

2. LABOR RELATIONS—PUBLIC EMPLOYEES—LABOR MEDIATION BOARD —LABOR MEDIATION ACT.

> The legislature has designated the Michigan Labor Mediation Board, as the agency to determine the appropriate bargaining units for public employees, the determination of that bargaining unit to be based upon criteria set forth in the Labor Mediation Act (MCLA §§ 423.213, 423.9e).

3. LABOR RELATIONS—PUBLIC EMPLOYEES—BARGAINING UNITS—LABOR MEDIATION ACT.

> The Labor Mediation Act restricts public employees to bargaining units consisting of either (1) the employees of one employer in one plant or business enterprise within this state, not holding executive or supervisory positions, (2) a craft unit, (3) a plant unit, and (4) a subdivision of any of the foregoing units (MCLA § 423.9e).

4. LABOR RELATIONS—PUBLIC EMPLOYEES—SUPERVISORY PERSONNEL —LABOR MEDIATION ACT.

> The Labor Mediation Act does not prohibit public employees engaged in executive or supervisory positions from organizing into collective bargaining units but does require their exclusion from bargaining units composed of nonsupervisory employees in the same plant or business organization (MCLA § 423.9e).

5. LABOR RELATIONS—PUBLIC EMPLOYEES—FIRE DEPARTMENTS—SUPERVISORY PERSONNEL—BARGAINING UNITS.

> Statutory exclusion of certain fire department employees from a supervisory classification, who might otherwise be classified as supervisors, simply permits them to join a bargaining unit composed of nonsupervisory personnel and is not to be construed as prohibiting public employees, other than firemen, who are supervisors from organizing and from bargaining collectively (MCLA § 423.213).

6. LABOR RELATIONS—PUBLIC EMPLOYEES—STATUTES.

> The legislature is constitutionally empowered to enact laws providing for the resolution of disputes concerning public employees and, by its enactment of the public employees relations act, has determined what its public policy regarding labor organizations composed of public employees will be, hence any disagreement with state public policy in this area is a legislative, not a judicial, concern (Const 1963, art 4 § 48; MCLA § 423.201).

7. Labor Relations—Public Employees—Bargaining Unit—Common Interest.

All of plaintiff's school district engineers and assistant engineers in specifically designated classifications, excluding all other supervisors, teaching personnel and all other employees, were properly held by the Michigan Labor Mediation Board to be a collective bargaining unit where such employees had a common interest in their terms and conditions of employment so as to warrant their inclusion in a single unit.

Original proceeding in the Court of Appeals. Submitted December 11, 1969, at Detroit. (Docket No. 6,550.) Decided February 26, 1970.

Complaint by the School District of the City of Dearborn against the State Labor Mediation Board and the Dearborn Schools Operating Engineers' Association for review of a decision by defendant board that plaintiff's engineers were a proper collective bargaining unit. Decision upheld.

*Miller, Canfield, Paddock & Stone* (*Allen Schwartz,* of counsel), for plaintiff School District of the City of Dearborn.

*Provizer & Eisenberg,* for intervenor plaintiff Dearborn Schools Employees Independent Union.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis N. Edwards,* Assistant Attorney General, for defendant Michigan Labor Mediation Board.

*Sharples, Klein, Meizlish & Sugerman,* for defendant Dearborn Schools Operating Engineers.

Before: Lesinski, C. J., and Levin and Danhof, JJ.

Danhof, J.   On May 3, 1968 Dearborn Schools Operating Engineers Association petitioned the Michigan Labor Mediation Board for an election of a bargaining agent in a unit of employees of the School District of the City of Dearborn.   The bargaining unit was described in the petition as "all operating engineers, excluding all other maintenance, operational, clerical, transportation, and cafeteria employees, secretarial and office personnel, supervisory and teaching employees."

On October 31, 1968 the Michigan Labor Mediation Board (hereinafter referred to as MLMB) directed the election to be held and designated the bargaining unit as "all engineers and assistant engineers classified by the employer as engineer A, B, C, D, or E, EXCLUDING all other supervisors, teaching personnel and all other employees."   On November 19, 1968 leave to appeal was filed in this Court by the plaintiff, School District of the City of Dearborn, and on March 4, 1969 we entered an order granting the application for leave to appeal.

In its opinion of October 31, 1968 the MLMB made certain findings of facts which have been accepted by the parties and, in addition, are supported on the whole record by competent material and substantial evidence.   These facts are:

(1) The plaintiff, School District of the City of Dearborn is a public employer within the meaning of PA 1947, No 336 as amended by PA 1965, No 379, Public Employment Relations Act (hereinafter referred to as PERA), MCLA § 423.201 *et seq.* (Stat Ann 1968 Rev § 17.455[1] *et seq.*) ;

(2) That the engineers and assistant engineers are public employees within the provisions of § 2, PERA, MCLA § 423.202 (Stat Ann 1968 Rev § 17.455[12]) ;

(3) That the engineers and assistant engineers are supervisors;

(4) That the Dearborn Schools Operating Engineers Association is a labor organization within the provisions of § 12, PERA, MCLA § 423.212 (Stat Ann 1968 Rev § 17.455[2]) and § 9, PERA, MCLA § 423.209 (Stat Ann 1968 Rev § 17.455[9]).

This Court is bound by the facts as they were determined by the MLMB.

The issue presented in this appeal is whether under the provisions of PERA, supervisors (the engineers and assistant engineers) who are public employees constitute a proper collective bargaining unit and are entitled to be represented by representatives of their own choosing.

It is clear that one of the purposes of PERA is "to declare and protect the rights and privileges of public employees * * * " (Preamble to the PERA). This policy has been effectuated by permitting public employees to engage in collective bargaining. MCLA § 423.209 (Stat Ann 1968 Rev § 17.455[9]) states:

"It shall be lawful for public employees to organize together or to form, join or assist in labor organizations, to engage in lawful concerted activities for the purpose of collective negotiation or bargaining or other mutual aid and protection, or to negotiate or bargain collectively with their public employers through representatives of their own free choice."

The legislature designated the MLMB as the agency to determine the appropriate bargaining units, MCLA § 423.213 (Stat Ann 1968 Rev § 17.455 [13]). The determination of the bargaining unit is based upon criteria set forth in PA 1939, No 176, § 9e as last amended by PA 1965, No 282, MCLA § 423.9e (Stat Ann 1968 Rev § 17.454[10.4]). This

section is a part of the Michigan Labor Mediation Act (hereinafter referred to as MLMA), MCLA § 423.1 *et seq.* (Stat Ann 1968 Rev § 17.454[1] *et seq.*) and states:

"Sec. 9e   The board, after consultation with the parties, shall determine such a bargaining unit as will best secure to the employees their right of collective bargaining. The unit shall be either the employees of 1 employer in 1 plant of business enterprise within this state, not holding executive or supervisory positions, or a craft unit, or a plant unit, or a subdivision of any of the foregoing units: Provided, however, That if the group of employees involved in the dispute has been recognized by the employer or identified by certification, contract or past practice, as a unit for collective bargaining, the board may adopt such unit."

Plaintiff and defendants disagree as to the correct interpretation of § 9e. Plaintiff argues that PERA, when read in conjunction with this section and with other sections of the MLMA, prohibits supervisory personnel of public employees from organizing and bargaining collectively. Defendants maintain that § 9e, cannot be read so as to prohibit supervisors from constituting a bargaining unit and from electing a bargaining representative.

An examination of the structure of § 9e shows that there are four choices of bargaining units; (1) a unit consisting of all of the employees employed in one plant or business enterprise within the state, (2) a craft unit, (3) a plant unit, and (4) a subdivision of any of the foregoing units.

The language in § 9e to which plaintiff points, " * * * not holding executive or supervisory positions, * * * " is a modification of only the first type of unit listed. It does not modify the remaining units defined, nor is it in and of itself a prohibition

against executive or supervisory employees constituting a bargaining unit. Defendants correctly point out that those employees in private employment who are employed as executives or supervisors are not afforded the protections of MLMA, but this exclusion of executives or supervisors is not because of the provisions of § 9e, but rather, because of § 2 of MLMA, MCLA § 423.2(e) (Stat Ann 1968 Rev § 17.454[2][e]). This section defines an "employee" under MLMA, but it expressly states that an employee under MLMA shall not be " * * * any individual employed as an executive or supervisor, * * * ." In this regard it is interesting to note that § 9e of MLMA, MCLA § 423.9(e) (Stat Ann 1968 Rev § 17.454[10.4]) was adopted by the legislature in 1947 (PA 1947, No 318), whereas the definition of employee, MCLA § 423.2(e) (Stat Ann 1968 Rev § 17.454[2][e]) was not adopted until 1949 (PA 1949, No 230). Therefore, prior to 1949 supervisors could organize in a bargaining unit, and in fact prior to 1947 could be in the same unit, in the same plant, with employees who were not supervisors. Thus, we conclude that § 9e, (MCLA § 423.9e [Stat Ann 1968 Rev § 17.454(10.4)]) does not prohibit those employees engaged in executive or supervisory positions from organizing, but only that they shall not be included in a bargaining unit containing nonsupervisory employees in the same plant or business enterprise.

Section 2 of PERA, MCLA § 423.202 (Stat Ann 1968 Rev § 17.455[2]) defines a public employee. Nothing in this section exempts supervisory employees, such as those in this case, from being public employees. This is in sharp contrast to the definition of an "employee" contained in MCLA § 423.2 (e) (Stat Ann 1968 Rev § 17.454[2][e]).

Thus, the engineers and assistant engineers of the plaintiff district are public employees, and as such are allowed to organize and to elect representatives to engage in collective bargaining with the plaintiff, § 9 PERA, MCLA § 423.209 (Stat Ann 1968 Rev § 17.455[9]).

Plaintiff argues that § 13 PERA, MCLA § 423.213 (Stat Ann 1968 Rev § 17.455[13]) indicates an intention on the part of the legislature to prohibit public employees who are supervisors, other than firemen, from organizing and bargaining collectively. Section 13 states in part:

"Provided, That in any fire department, or any department in whole or part engaged in, or having the responsibility of, fire fighting, no person subordinate to a fire commission, fire commissioner, safety director, or other similar administrative agency or administrator, shall be deemed to be a supervisor."

Plaintiff misconstrues § 13. This section simply allows the MLMB to include in a bargaining unit with nonsupervisory personnel those persons in a fire department who might otherwise be classified as supervisors. Fire departments are usually organized on quasi-military lines and there are numerous persons involved in the chain of command. The legislature has determined that in fire departments these persons shall not be deemed supervisors and thus are not required to have separate bargaining units. This is all this provision does and to read anything further into it would be to engage in obvious judicial legislation.

Plaintiff further argues that it is against public policy to allow public employees who are supervisors, such as those involved in the instant action, to organize. As we stated in *City of Escanaba* v. *Michigan Labor Mediation Board* (1969), 19 Mich

App 273, the legislature by the enactment of PERA has determined what the public policy of this State will be in regard to allowing public employees to organize. PERA was passed pursuant to Const 1963, art 4, § 48 which directly authorizes the legislature to "enact laws providing for the resolution of disputes concerning public employees, * * * ." If plaintiff is in disagreement with the current public policy of this State his remedy lies with the legislature and not with the courts.

We have further examined the order of the MLMB creating the bargaining unit and find that the employees involved have a common interest in their terms and conditions of employment so as to warrant their inclusion in a single unit to choose a bargaining agent, *Uyeda* v. *Brooks* (CA 6, 1966), 365 F2d 326.

We find no error in the decision of MLMB and an order will issue enforcing the MLMB's order of October 31, 1968.

All concurred.