MICHIGAN ASSOCIATION OF PUBLIC EMPLOYEES v MICHIGAN
AFSCME COUNCIL 25

Docket No. 96185. Submitted December 9, 1987, at Detroit. Decided
    November 8, 1988.

The Michigan Association of Public Employees (MAPE) filed with
    the Michigan Employment Relations Commission a petition for
    an election to certify MAPE, rather than Local 312 of the
    American Federation of State, County and Municipal Employ-
    ees (AFSCME) of Michigan AFSCME Council 25, as the representa-
    tive of a bargaining unit comprised of all full-time and regular
    part-time employees of the Department of Transportation of
    the City of Detroit. AFSCME, which had represented employees
    of Detroit's Department of Transportation and its predecessor
    department since the early 1940's, intervened. Following a
    hearing in which the City of Detroit asserted its neutrality,
    MERC determined that the petition did not seek an election
    among employees in an appropriate bargaining unit and, there-
    fore, denied the petition. MAPE appealed, contending that the
    determination by MERC is not supported by competent, substan-
    tial, and material evidence on the whole record.

The Court of Appeals held:

1. MERC's finding that there was a clear intent to bring Local
    312 into the city-wide bargaining unit of Council 25, manifested
    in the relinquishment of Local 312's independence in 1974 and
    its subsequent participation in joint bargaining with the other
    locals of AFSCME Council 25, is supported by competent, sub-
    stantial, and material evidence.

2. Despite the long-standing history of Local 312 prior to 1974
    and aspects of Local 312's history since 1974, there was compe-
    tent, substantial, and material evidence on the record as a
    whole to support MERC's denial of MAPE's petition seeking an
    election in a bargaining unit consisting only of Department of
    Transportation employees.

Affirmed.

REFERENCES
Am Jur 2d, Labor and Labor Relations §§ 660 et seq., 1761.
See the Index to Annotations under Collective Bargaining.

1. Labor Relations — Public Employees — Bargaining Units.

   The unit appropriate for collective bargaining purposes under the public employment relations act is to be determined by the Michigan Employment Relations Commission as provided in the Michigan labor mediation act (MCL 423.9e, 423.213; MSA 17.454[10.4], 17.455[13]).

2. Labor Relations — Bargaining Units.

   The touchstone of an appropriate employees' unit for the purposes of collective bargaining is the finding that all of its members have a common interest in the terms and conditions of employment to warrant their inclusion in a single unit to choose a bargaining agent.

3. Administrative Law — Labor Relations — Appeal — Bargaining Units — Employment Relations Commission.

   The Court of Appeals will substitute a judicial judgment of the appropriate collective bargaining unit for the Michigan Employment Relations Commission's determination only upon a clear showing of error.

*Hiller, Larky, Hoekenga & Amberg* (by *Daniel J. Hoekenga* and *Dirk F. Zuschlag*), for petitioner.

*Greenspon, Scheff & Washington, P.C.* (by *George B. Washington*), for AFSCME Council 25.

Before: Kelly, P.J., and MacKenzie and P. Schaefer,* JJ.

Per Curiam. This case involves a dispute between petitioner Michigan Association of Public Employees (MAPE) and intervenor Michigan AFSCME Council 25 over the representation of employees of the City of Detroit's Department of Transportation. The employees are presently represented by AFSCME Local 312. On February 26, 1986, MAPE filed with the Michigan Employment Relations Commission a petition for an election to certify MAPE, rather than AFSCME, as the representative of a bargaining unit comprised of "all full-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

time and regular part-time employees employed at the Department of Transportation presently under the jurisdiction of Local 312." Following a hearing in which the City of Detroit asserted its neutrality, MERC determined that the petition did not seek an election among employees in an appropriate bargaining unit and, therefore, denied the petition. MAPE appeals as of right. We affirm.

MAPE contends that the determination that its election petition did not seek an election in an appropriate bargaining unit was not supported by competent, substantial, and material evidence on the whole record. See Const 1963, art 6, § 28, MCL 423.23(2)(e); MSA 17.454(25)(2)(e), and *Michigan Coaches Ass'n, Warren Consolidated School Dist, Local No 1 v Warren Consolidated Schools Bd of Ed,* 119 Mich App 85; 326 NW2d 432 (1982), lv den 417 Mich 1020 (1983). Substantial evidence is more than a scintilla but substantially less than a preponderance. *Tocco v Marquette Prison Warden,* 123 Mich App 395, 402; 333 NW2d 295 (1983).

The record in this case establishes that AFSCME has represented employees of Detroit's Department of Transportation and its predecessor department since the early 1940's. Beginning in 1966, AFSCME Council 77, the predecessor of AFSCME Council 25, began merging separate bargaining units throughout the City of Detroit into an over-all city-wide collective bargaining unit. Since 1974, Local 312 has joined first AFSCME Council 77 and then AFSCME Council 25 as a signatory to their Master Agreements with the City of Detroit. Each Master Agreement since 1974, however, has included the following provision, taken from a memorandum of understanding drafted by Local 312:

Because Local . . . #312 [has] had separate contracts over the years, [it] shall have the right to

negotiate supplemental agreements even as regards some areas which might be covered by the Master Agreement.

Local 312 has negotiated various supplemental agreements which differed from provisions set forth in the Master Agreements in the 1974-1977 contract, 1977-1980 contract, and 1980-1983 contract.

Pursuant to § 13 of the public employment relations act (PERA), MCL 423.213; MSA 17.455(13), the "unit appropriate" for collective bargaining purposes is to be determined by MERC as provided in § 9e of the Michigan labor mediation act, MCL 423.9e; MSA 17.454(10.4). *Mecosta Co Bd of Comm'rs v Michigan Council 25, AFSCME, AFL-CIO,* 166 Mich App 374, 378-379; 420 NW2d 210 (1988), citing *Michigan Ed Ass'n v Clare-Gladwin Intermediate School Dist,* 153 Mich App 792, 795; 396 NW2d 538 (1986). Section 9e provides:

> The commission, after consultation with the parties, shall determine such a bargaining unit as will best secure to the employees their right of collective bargaining. The unit shall be either the employees of 1 employer employed in 1 plant or business enterprise within this state, not holding executive or supervisory positions, or a craft unit, or a plant unit, or a subdivision of any of the foregoing units. If the group of employees involved in the dispute was recognized by the employer or identified by certification, contract, or past practice, as a unit for collective bargaining, the commission may adopt that unit.

In applying an older provision similar to § 9e, our Supreme Court in *Hotel Olds v State Labor Mediation Board,* 333 Mich 382, 387; 53 NW2d 302 (1952), stated:

We note the decision of the Massachusetts Labor Relations Commission, *In re Salem Hotel Corporation d/b/a the Hawthorne Hotel and the Hotel and Restaurant Workers, Local 290, A F L,* 19 LRRM 1245, decided November 20, 1946:

"In designating bargaining units as appropriate, a primary objective of the commission is to constitute the largest unit which, in the circumstances of the particular case is most compatible with the effectuation of the purposes of the law and to include in a single unit all common interests."

The quoted statement in the *Hawthorne Case* is, so far as applicable to the instant case, in keeping with the directions of the cited proviso of the statute.

Consistent with this statement from the Supreme Court, the policy of MERC has been to avoid the fractionalization or multiplicity of bargaining units. *Michigan Coaches Ass'n, supra,* p 89, citing *Utica Community Schools v Utica Ed Ass'n,* 1972 MERC Lab Op 804; *Flint Osteopathic Hospital v Hospital Employees' Div of Local 79, Service Employees International Union, AFL-CIO,* 1971 MERC Lab Op 572; *Van Buren Public Schools v Van Buren Educational Ass'n,* 1973 MERC Lab Op 941; *53rd District Court (Livingston Co) v Council 11, AFSCME, AFL-CIO,* 1978 MERC Lab Op 82. Further, in *Eastern Michigan University Regents v Eastern Michigan University Professors,* 46 Mich App 534; 208 NW2d 641 (1973), this Court noted that "[t]he touchstone of an appropriate bargaining unit is the finding that all of its members have a common interest in the terms and conditions of employment, to warrant their inclusion in a single unit to choose a bargaining agent." 46 Mich App 537, quoting *Uyeda v Brooks,* 365 F2d 326, 329 (CA 6, 1966). Thus, this Court abides by the policy of MERC to constitute the largest unit compatible

with the effectuation of the purposes of the PERA.
*Michigan Coaches Ass'n, supra,* p 89.

In the instant case, MERC found a clear intent to bring Local 312 into the city-wide bargaining unit, manifested in the relinquishment of Local 312's independence in 1974 and its subsequent participation in joint bargaining with the other locals of AFSCME Council 25. We find competent, substantial, and material evidence to support that finding. At the hearing on MAPE's petition, AFSCME Council 25 field staff coordinator Flo Walker testified that Local 312 was "accreted to the Master Agreement" during the 1974 contract negotiations and that Local 312 was a part of the overall ratification vote on the Master Agreement. The provision taken from the memo of understanding was submitted to the entire membership for ratification. Both Walker and Lloyd Simpson, a retired ex-president of both Local 312 and AFSCME Council 77, testified that even with the provision all supplemental agreements, including those of Local 312, required the signature and approval of the president (and later executive director) of AFSCME Council 25 or its predecessor AFSCME Council 77. Arthur Lauderdale, a member of Local 312's grievance committee, testified that the three-member grievance committee pursued all grievances under the direction of AFSCME Council 25 and the local executive board. In addition, though all locals had autonomy over their funds, as with the other locals, Local 312's budget was spent "per the international constitution." Lauderdale and Walker also testified that Local 312 could and had hired its own attorney in the past "with council approval."

MAPE argues that the memorandum of understanding indicates that Local 312 never merged with AFSCME Council 25. MAPE also argues that various provisions reached through supplemental

agreements with the city are unique to Local 312 and demonstrate its autonomy. We disagree. Thirty-five to forty supplemental agreements were allowed among the locals of AFSCME Council 25, and fifteen to twenty locals actually had such supplemental agreements. The unique sickness and accident plan for Local 312 was allowed as an experiment to determine whether it was better than previous plans. Finally, Local 312's grievance procedure, though vested with autonomy over one additional tier than other locals, was still under the direction of AFSCME Council 25 at the fourth and fifth tiers of the grievance process. Even were this Court to determine that it may have decided the case differently, we will not substitute our judgment as to the appropriate bargaining unit for that of MERC because there has been no clear showing of error. *Lansing School Dist v MERC,* 117 Mich App 486, 493; 324 NW2d 62 (1982).

MAPE argues that *Wayne Co Bd of Comm'rs v Wayne Co Supervisory Employees Ass'n,* 1983 MERC Lab Op 573, where MERC permitted severance of a unit of county engineering employees from a county-wide unit, is dispositive of this case. In our opinion, MERC properly distinguished the instant case from *Wayne Co Bd of Comm'rs,* on the basis that Local 312 had relinquished its independence. Here, unlike the situation in *Wayne Co Bd of Comm'rs,* Local 312 was not separately certified, Local 312 was not singled out in the Master Agreement for separate recognition, and Local 312's classifications were not separated. Further, the Master Agreement has only the memorandum of understanding and no other separate provisions for Local 312 specifically set forth therein. Local 312 did not have a separate contract clause specifying different rights for its stewards, local officers, or chapter chairmen. Despite the long-standing

history of Local 312 prior to 1974 and aspects of Local 312's history since 1974, there was competent, substantial, and material evidence on the record as a whole to support MERC's denial of appellant's petition seeking an election in a bargaining unit consisting only of DOT employees.

Affirmed.