MUSKEGON COUNTY PROFESSIONAL COMMAND
ASSOCIATION v COUNTY OF MUSKEGON

Docket No. 115399. Submitted February 14, 1990, at Grand Rapids.
Decided December 5, 1990, at 9:04 A.M.

The undersheriff and the two captains employed by the Musk-
egon County Sheriff's Department organized themselves as the
Muskegon County Professional Command Association, a collec-
tive bargaining unit distinct from the department's existing
command officers bargaining unit represented by Teamsters
Local 214, and petitioned the Employment Relations Commis-
sion for a representation election. In response, Muskegon
County petitioned the commission for a unit clarification, ask-
ing that Local 214's recognition clause be amended to add the
two captains to that bargaining unit. The commission allowed
Local 214 to intervene in the matter and thereafter ruled that
the undersheriff was an executive who was excluded from
participating in any collective bargaining unit under the public
employment relations act and that the two captains were not
executives and therefore were entitled to representation under
the act. However, because Local 214 did not wish to represent
the captains in its command officers bargaining unit, the com-
mission directed an election to determine if the captains wished
to form their own residual unit. The county appealed, challeng-
ing the commission's determination regarding the captains. The
association cross appealed, challenging the commission's deter-
mination regarding the undersheriff.

The Court of Appeals *held:*

The commission correctly determined that the captains are
not executive employees and thus are entitled to form a sepa-
rate collective bargaining unit, and that the undersheriff is an
executive employee. The commission erred, however, in ruling
that the undersheriff's executive status precluded his participa-
tion in a bargaining unit under the PERA.

1. The executive exclusion provision of the PERA does not

REFERENCES

Am Jur 2d, Labor and Labor Relations § 1766.
Who are supervisors for purposes of bargaining-unit determinations
in state public employment labor relations. 96 ALR3d 723.

prohibit employees engaged in executive positions from organizing for collective bargaining, but merely precludes inclusion of executive employees in units composed of nonexecutive employees. Similarly, while supervising employees may organize for collective bargaining, they may not be included in a unit comprised of executive or other nonsupervisory employees.

2. The executive exclusion is applied case by case. In this case, regardless of executive status, the undersheriff is a public employee, entitled to the rights and privileges granted under the PERA. The commission erred as a matter of law that the undersheriff was excluded from collective bargaining. On remand, the commission must determine an appropriate bargaining unit for the undersheriff.

3. The responsibilities of the captains are supervisory rather than executive. Thus, they properly should be included in a bargaining unit separate from the members of Local 214 and the undersheriff.

Affirmed in part, reversed in part, and remanded.

1. LABOR RELATIONS — PUBLIC EMPLOYEES — EXECUTIVES — SUPERVISORS — BARGAINING UNITS.

Public employees holding executive positions are not prohibited from organizing into collective bargaining units as long as the units do not include nonexecutive employees; similarly, public employees holding supervisory positions may organize into bargaining units as long as the units do not include executive or other nonsupervisory employees (MCL 423.9e; MSA 17.454[10.4]).

2. LABOR RELATIONS — PUBLIC EMPLOYEES — EXECUTIVES — EMPLOYMENT RELATIONS COMMISSION.

The Employment Relations Commission, in determining whether a particular job title occupies executive status, may consider such factors as where the primary responsibility for developing an organization's budget lies, who plays a significant role in preparing departmental rules and regulations, the number of executive positions relative to the size of the organization, the degree of interchangeability between an employee and an immediate superior, and the degree of participation in labor negotiations or the formulation of collective-bargaining policy.

3. LABOR RELATIONS — BARGAINING UNITS.

The touchstone of an appropriate employees' unit for the purposes of collective bargaining is a common interest of all its members in the terms and conditions of employment to warrant inclusion in a single unit and the choosing of a bargaining agent.

*McCroskey, Feldman, Cochrane & Brock* (by *Darryl R. Cochrane*), for Muskegon County Professional Command Association.

*Warner, Norcross & Judd* (by *Donald J. Veldman* and *Louis C. Rabaut*), for County of Muskegon.

Before: MAHER, P.J., and GRIBBS and MURPHY, JJ.

MURPHY, J. Respondent Muskegon County appeals as of right from the Employment Relations Commission ruling that two captains employed by the Muskegon County Sheriff's Department were not executive employees and, therefore, were entitled to vote on representation for collective bargaining pursuant to the public employment relations act, MCL 423.201 *et seq.*; MSA 17.455(1) *et seq.* Petitioner cross appeals from the commission's finding that the undersheriff of Muskegon County was an executive employee who was excluded from representation under the PERA. We affirm the commission's decision regarding the two captains and its finding that the undersheriff is an executive employee. However, we reverse the commission's ruling that the undersheriff's executive status excludes him from representation under the PERA.

Some time before they commenced the present action, the undersheriff and the two captains employed by the Muskegon County Sheriff's Department approached Teamsters Local 214 with their concerns about various problems they had with their employment. They received instruction from the union regarding how to organize as a separate bargaining unit.

The three officers organized themselves as the Muskegon County Professional Command Associa-

tion. They petitioned the commission for a representation election in a bargaining unit described as "[a]ll command officers holding the rank of Captain and Undersheriff." In response, the county petitioned the commission for a unit clarification and asked that the present union's recognition clause be amended to add the two captains to the present command unit.

After an evidentiary hearing before hearing referee Joseph B. Bixler, the commission issued a decision and order ruling that the undersheriff was an executive who was excluded from participating in any collective bargaining unit under the PERA and that the two captains were not executives and were, therefore, entitled to representation under the PERA. However, because Local 214 did not wish to represent the captains in its command officers bargaining unit, the commission directed an election to determine if the captains wished to form their own residual unit.

On appeal, both parties challenge the commission's findings of fact and conclusions of law. Although the county agrees with the commission's determination concerning the undersheriff, it contends that the two captains are also executive employees excluded from collective bargaining under the PERA. Petitioner agrees with the commission's finding of fact concerning the status of the three officers, but contends that the commission erred as a matter of law in concluding that an executive employee may not participate in a collective bargaining unit. We agree with petitioner.

Our standard for review of decisions by the commission is well established. Findings of fact by the commission are conclusive if supported by competent, material and substantial evidence on the whole record. Const 1963, art 6, § 28; MCL 423.216(e); MSA 17.455(16)(e); *Southfield Police Of-*

ficers *Ass'n v Southfield,* 433 Mich 168, 175; 445 NW2d 98 (1989). However, regardless of the factual findings, this Court may review the law applied by the commission. Judicial review includes a determination of whether a decision of the commission is "authorized by law." Const 1963, art 6, § 28; *Southfield, supra.* Decisions by the commission may be set aside on appeal if they violate the constitution or a statute or are based on a "substantial and material error of law." MCL 24.306(1) (a), (f); MSA 3.560(206)(1)(a), (f); *Southfield, supra.*

One of the purposes of the PERA is to declare and protect the rights and privileges of public employees. This policy has been given effect by allowing public employees to engage in collective bargaining. MCL 423.209; MSA 17.455(9); *Hillsdale Community Schools v Labor Mediation Bd,* 24 Mich App 36, 40; 179 NW2d 661 (1970); *Dearborn School Dist v Labor Mediation Bd,* 22 Mich App 222, 226; 177 NW2d 196 (1970). The Legislature has delegated to the commission the power to determine appropriate units for collective bargaining as provided in MCL 423.9e; MSA 17.454(10.4) of the labor mediation act (LMA). MCL 423.213; MSA 17.455; *Hillsdale, supra,* 40; *Dearborn, supra,* 226-227.

Pursuant to § 9e of the LMA, appropriate bargaining units are

> the employees of 1 employer employed in 1 plant or business enterprise within this state, *not holding executive or supervisory positions,* or a craft unit, or a plant unit, or a subdivision of any of the foregoing units. [MCL 423.9e; MSA 17.454(10.4).]

At issue in the present case is the so-called "executive exclusion." This Court has consistently held that the executive exclusion as used in § 9e

does not exclude public employees who are executives or supervisors from participating in lawful organizational activity under the PERA. *United Auto Workers v Sterling Heights,* 176 Mich App 123, 125-127; 439 NW2d 310 (1989); *Detroit Bd of Ed v Local 28, Organization of School Administrators & Supervisors, AFL-CIO,* 106 Mich App 438, 443, n 2; 308 NW2d 247 (1981); *Hillsdale, supra,* 41; *Dearborn, supra,* 227-228.

The definition of a public employee as set forth in MCL 423.202; MSA 17.455(2) does not exclude executive or supervisory employees. The LMA excludes "any individual employed as an executive or supervisor" from the definition of employee. MCL 423.2(e); MSA 17.454(2)(e). By contrast, the term "public employee" includes *all* persons in the service of the state. The rights granted under the PERA, including the right to organize for collective bargaining, apply to all public employees. *Sterling Heights, supra,* 126-127.

As applied to employees protected by the PERA, the executive exclusion is based on the commission's power to delineate appropriate bargaining units. It merely precludes executive employees from inclusion in units composed of nonexecutive employees. *Mecosta Co Bd of Comm'rs v Council 25, AFSCME, AFL-CIO,* 166 Mich App 374, 379; 420 NW2d 210 (1988); *United Auto Workers v Sterling Heights,* 163 Mich App 8, 11; 413 NW2d 716 (1987). Similarly, while supervisory personnel may organize for collective bargaining, they may not be included in groups comprised of executive or other nonsupervisory employees. *Sterling Heights,* 176 Mich App 126; *Dearborn, supra,* 228.

Application of the executive exclusion is made by the commission on a case-by-case basis. *Mecosta, supra,* 379. Neither party disputes the commission's finding that the undersheriff is an execu-

tive employee. However, we conclude that the commission's ruling that the undersheriff is excluded from collective bargaining under the PERA is contrary to statute and is based on a substantial and material error of law. Regardless of his executive status, the undersheriff is a public employee, entitled to the rights and privileges granted under the PERA, including the right to engage in lawful organizational activity.

Regarding the commission's finding that the two captains are not executive employees, we find that the commission's decision was supported by competent, material, and substantial evidence on the record.

An executive is generally a full-time employee who exercises statutory duties, whether personally performed or performed by other employees under his supervision. *Mecosta, supra,* 381; *United Steelworkers of America, AFL-CIO-CLC v Frankfort,* 153 Mich App 352, 354-355; 395 NW2d 318 (1986). The commission has expanded its definition of "executive" from "policy making heads of major departments" to "an employee who exercises broad discretion even if it is only in regard to effectuating management policy." *Sterling Heights,* 163 Mich App 12; *Detroit Dep't of Transportation v Supervisors Chapter, DOT Foreman's Ass'n,* 109 Mich App 141, 143; 311 NW2d 319 (1981). Factors to be examined in reaching a determination of executive status include the scope of the employee's responsibility, the extent of his authority, and the interchangeability of his function with other executives. *Sterling Heights,* 163 Mich App 12.

> In deciding whether a job title occupies executive status, the commission may consider several factors, such as who has primary responsibility for developing the budget, who plays a significant role

in preparing departmental rules and regulations, the number of executive positions relative to the size of the organization, the degree of interchangeability of functions between the employee and his immediate superior, and the degree of participation in labor negotiations or formulation of collective-bargaining policy. [*Detroit Dep't of Transportation, supra,* 143.]

By contrast, a "supervisor" is an employee who has the authority, on behalf of his employer

to hire, transfer, suspend, layoff, recall, promote, discharge, assign, reward, or discipline other employees, or responsibility to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment. [29 USC 152(11) quoted in *Mich Ed Ass'n v Clare-Gladwin Intermediate School Dist,* 153 Mich App 792, 797; 396 NW2d 538 (1986).]

The existence of any one of these powers, regardless of the frequency of its exercise, is sufficient to confer supervisory status on an employee, as long as the power is real, rather than theoretical. "It is not the exercise of authority, but the delegation of authority, which is indicative of a supervisor." *Id.,* 797.

Our review of the record reveals that the job responsibilities of the two captains fall within the definition of a supervisor rather than that of an executive. Each captain has the authority to administer his area of responsibility within the department. Furthermore, the captains are in a position to make recommendations concerning formulation of department policy, hiring and disciplining of employees, and budgetary matters. How-

ever, the final discretionary decision-making authority in all of these areas rests with the sheriff and the undersheriff. Therefore, we conclude that the commission correctly determined that the captains employed by the sheriff's department were not executive employees.

Last, we consider the issue of the appropriate bargaining units for these three employees. The commission determined that the two captains may form their own unit and that the undersheriff was excluded from participation in a bargaining unit. On appeal, the county argues that if the captains are not executives, they should be included with the existing unit for command officers. Petitioner, on the other hand, argues that both the undersheriff and the captains should be allowed to form a unit of three. We disagree with both parties' contentions.

In designating appropriate bargaining units, the commission's primary objective is to constitute the largest unit which, under the circumstances of the case, is most compatible with the effectuation of the purposes of the law and includes in a single unit all common interests. *Mich Ass'n of Public Employees v AFSCME Council 25,* 172 Mich App 761, 765; 432 NW2d 748 (1988), quoting *Hotel Olds v Labor Mediation Bd,* 333 Mich 382, 387; 53 NW2d 302 (1952). Consistent with this objective, the commission's policy is to avoid fractionalization or multiplicity of bargaining units. *Ass'n of Public Employees, supra,* 765. The touchstone of an appropriate bargaining unit is a common interest of all its members in the terms and conditions of their employment that warrants inclusion in a single bargaining unit and the choosing of a bargaining agent. *Id.* This Court abides by the commission's policy to constitute the largest bargain-

ing unit compatible with the effectuation of the PERA. *Id.,* 765-766.

The determination of the appropriate bargaining unit is a finding of fact. This Court will not substitute its judgment for that of the commission with regard to the appropriate bargaining unit unless there is a clear showing of error. *Id.*

This Court has clearly stated that executive employees may not be included in a residual supervisory bargaining unit. *Sterling Heights,* 176 Mich App 126. Therefore, we conclude that because the undersheriff is the only executive employed by the sheriff's department, the undersheriff by himself constitutes the largest unit with a common interest in the terms and conditions of employment.

Regarding the two captains, the commission adopted Local 214's position that the functions of the two captains, as they work in the sheriff's department, were such that there was no community of interest with the members of Local 214's command unit. Our review of the record reveals that there is competent, substantial, and material evidence to support the commission's finding that the two captains should have their own bargaining unit. Testimony was presented that the two captains had different pension plans, sick leave programs, dental plans, and retirement benefits from those held by Local 214 members. Furthermore, the captains were able to effect department policymaking, an authority not enjoyed by other supervisory command officers.

In conclusion, we affirm the commission's determination that the two captains employed by the Muskegon County Sheriff's Department are not executive employees and were entitled to form their own separate unit for collective bargaining

under the PERA. We also affirm the commission's finding that the undersheriff is an executive employee. However, we reverse the commission's ruling that the undersheriff's executive status precluded him from participation in a bargaining unit under the PERA and remand to the commission for a finding of an appropriate bargaining unit for the undersheriff. We do not retain jurisdiction.

GRIBBS, J., concurred in the result only.