## GRANDVILLE MUNICIPAL EXECUTIVE ASSOCIATION v CITY OF GRANDVILLE

Docket No. 164131. Submitted October 11, 1994, at Grand Rapids. Decided April 12, 1995; approved for publication September 22, 1995, at 9:30 A.M.

The Grandville Municipal Executive Association filed a petition in the Michigan Employment Relations Commission, seeking to form a collective bargaining unit comprised of the city clerk, treasurer, assessor, police chief, and fire chief of the City of Grandville. The commission dismissed the petition, deciding that executives do not have the right to organize under the public employment relations act, MCL 423.201 *et seq.*; MSA 17.455(1) *et seq.* The association appealed, and the city cross appealed.

The Court of Appeals *held:*

The public employment relations act grants public employees the right of collective bargaining and does not exclude from its definition of "public employees" those who hold executive or supervisory positions. The executive exclusion of the labor mediation act, MCL 423.9e; MSA 17.454(10.4), applies to public employees only to the extent that it precludes executive public employees from being included in the same bargaining unit as nonsupervisory public employees.

Reversed and remanded.

LABOR RELATIONS — COLLECTIVE BARGAINING — EXECUTIVE AND SUPERVISORY PUBLIC EMPLOYEES — PUBLIC EMPLOYMENT RELATIONS ACT — LABOR MEDIATION ACT.

Executive and supervisory public employees have a right under the public employment relations act to organize for collective bargaining purposes, subject to a limitation under the labor mediation act that they not be included in the same bargaining unit as nonsupervisory public employees (MCL 423.209, 423.9e; MSA 17.455[9], 17.454[10.4]).

REFERENCES

Am Jur 2d, Labor and Labor Relations § 2996.

Who are supervisors for purposes of bargaining-unit determination in state public employment labor relations. 96 ALR3d 723.

*Pinsky, Smith, Fayette & Hulswit* (by *Edward M. Smith* and *Pamela K. Bratt*), for the petitioner.

*Varnum, Riddering, Schmidt & Howlett* (by *John Patrick White*), for the appellant.

Before: FITZGERALD, P.J., and MACKENZIE and L. M. GLAZER,* JJ.

PER CURIAM. The Grandville Municipal Executive Association appeals as of right from a decision and order of the Michigan Employment Relations Commission dismissing its petition to form a collective bargaining unit of executive employees. The City of Grandville cross appeals. We reverse.

The Grandville Municipal Executive Association filed a petition with the MERC on August 16, 1991, seeking to represent a bargaining unit consisting of the city clerk, treasurer, assessor, police chief, and fire chief. These employees had previously been found to be executives. See *Grandville Administrative Employees Ass'n v City of Grandville,* 1991 MERC Lab Op 489.

In the present case, the MERC determined that a collective bargaining unit consisting of executive employees was not appropriate because executives do not have the right to organize under the public employment relations act (PERA), MCL 423.201 *et seq.*; MSA 17.455(1) *et seq.* In reaching this conclusion, the commission relied on *Governmental Accountants & Analysts Ass'n v City of Detroit,* 1969 MLMB Lab Op 187, and held that public policy justified excluding executives in public employment from engaging in collective bargaining. In so doing, the commission declined to follow this Court's opinion in *Muskegon Co Professional Command Ass'n v Muskegon Co,* 186 Mich App 365;

* Circuit judge, sitting on the Court of Appeals by assignment.

464 NW2d 908 (1990). The commission stated that "[i]f . . . the *Muskegon County* case was [a] determination by the Court of Appeals that executives have the right to organize, we respectfully disagree."

Judicial review of MERC decisions includes a determination whether a decision is authorized by law. Const 1963, art 6, § 28. Decisions by the commission may be set aside on appeal if they violate the constitution or a statute or are based on a "substantial and material error of law." *Muskegon Co, supra,* p 369. We reverse in this case because the MERC's decision was based on a substantial and material error of law.

One of the purposes of the PERA is to declare and protect the rights and privileges of public employees. *Muskegon Co, supra,* p 369. This policy has been given effect by allowing public employees to engage in collective bargaining. *Id.*; MCL 423.209; MSA 17.455(9). The Legislature has delegated to the commission the power to determine appropriate units of collective bargaining as provided in § 9e of the labor mediation act (LMA), MCL 423.9e; MSA 17.454(10.4). MCL 423.213; MSA 17.455(13); *Muskegon Co, supra,* p 369. Under § 9e, appropriate bargaining units are

> either the employees of 1 employer employed in 1 plant or business enterprise within this state, *not holding executive or supervisory positions,* or a craft unit, or a plant unit, or a subdivision of any of the foregoing units. [Emphasis added.]

Unlike the LMA's definition of "employee," which excludes supervisors and executives, see MCL 423.2e; MSA 17.454(2)(e), the PERA's definition of a public employee does not exclude executives and supervisors, so that the bargaining rights of public

employees belong to *all* public employees. MCL 423.202; MSA 17.455(2); *Muskegon Co, supra,* p 370.

In a line of cases beginning with *Dearborn School Dist v Labor Mediation Bd,* 22 Mich App 222; 177 NW2d 196 (1970), and culminating with *Muskegon Co, supra,* this Court has repeatedly held that, under the PERA, the so-called "executive exclusion" of § 9e of the LMA applies to public employees only to the extent that it precludes executive public employees from being included in the same bargaining unit as nonsupervisory public employees; because the PERA applies to executive and supervisory employees, however, § 9e cannot be read as preventing them from exercising their right to collective bargaining. In *Dearborn School Dist, supra,* this Court held that § 9e did not prevent public school district engineers and assistant engineers who held supervisory positions from engaging in collective bargaining under the PERA. See 22 Mich App 229. In *Hillsdale Community Schools v Labor Mediation Bd,* 24 Mich App 36, 41; 179 NW2d 661 (1970), this Court again held that supervisory personnel of a public school district were entitled by the PERA to organize for collective bargaining purposes, and that § 9e did not extinguish that right. In *Detroit Bd of Ed v Local 28, Organization of School Administrators & Supervisors, AFL-CIO,* 106 Mich App 438, 443, n 2; 308 NW2d 247 (1982), we quoted *Dearborn School Dist,* stating that the § 9e executive exclusion "does not prohibit those employees engaged in executive or supervisory positions from organizing, but only that they shall not be included in a bargaining unit containing nonsupervisory employees in the same plant or business enterprise." In *UAW v Sterling Heights,* 176 Mich App 123, 126-127; 439 NW2d 310 (1989), we once more held that a public

employee in an executive position is entitled to participation in lawful organized activity under the PERA. Finally, in *Muskegon Co, supra,* this Court reversed a MERC ruling that an undersheriff, as an executive, was excluded from collective bargaining under the PERA. We held that "[r]egardless of his executive status, the undersheriff is a public employee, entitled to the rights and privileges granted under the PERA, including the right to engage in lawful organizational activity." 186 Mich App 371.

Furthermore, on at least two occasions this Court has found it inappropriate to create an executive exclusion that is based on public policy. In *Dearborn School Dist, supra,* we stated:

> Plaintiff further argues that it is against public policy to allow public employees who are supervisors, such as those in the instant action, to organize. . . . [T]he legislature by the enactment of PERA has determined what the public policy of the State will be in regard to allowing public employees to organize. PERA was passed pursuant to Const 1963, art 4, § 48 which directly authorizes the legislature to "enact laws providing for the resolution of disputes concerning public employees . . . ." If plaintiff is in disagreement with the current public policy of this State his remedy lies with the legislature and not with the courts. [22 Mich App 229-230.]

See also *Hillsdale Community Schools, supra,* pp 41-42.

In this case, the MERC's ruling was wholly contrary to the above case law. As we held in *Dearborn School Dist* and *Hillsdale Community Schools,* the Legislature has decreed that the public policy of this state is to grant public employees in executive positions the right to engage in collective bargaining. The MERC's ruling that public

policy forbids executives in public employment from engaging in collective bargaining was therefore based on a substantial and material error of law. Furthermore, the MERC's ruling was contrary to the line of cases culminating with *Muskegon Co,* holding that the executive exclusion of § 9e does not preclude public employees who hold an executive position from exercising the rights and privileges granted to all public employees under the PERA, including the right to engage in lawful organizing activities. Thus, the ruling was again based on a substantial and material error of law. We reverse the commission's ruling that the executives in this case were precluded from participation in a bargaining unit and remand to the commission for a finding of an appropriate bargaining unit.

In its cross appeal, the City of Grandville asks this Court to hold that, by its terms, the PERA excludes executives and supervisory employees from collective bargaining rights as a matter of law. We decline to do so. Such a holding would be wholly contradictory to the body of case law, developed over the past twenty-five years, recognizing that bargaining rights under the PERA apply to *all* public employees, and that the § 9e executive exclusion merely prevents executive and nonexecutive public employees from being included in a single bargaining unit. Moreover, contrary to the city's argument, this Court's determination in *Muskegon Co,* that supervisory personnel in public employment may organize for collective bargaining under the PERA, was not dicta. Instead, it was a holding that is controlling authority under Administrative Order No. 1994-4. We therefore deny the city's request for relief on cross appeal.

Reversed and remanded. We retain no further jurisdiction.